UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAMADOU BA,

               Petitioner,                   Case No. 26-10838

v.                                      Hon. Jonathan J.C. Grey

KEVIN RAYCRAFT, *et al.*,

               Respondents.

_____/

**OPINION AND ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

## I.    INTRODUCTION

Before the Court is Petitioner Mamadou Ba's second petition for writ of habeas corpus ("petition"), filed pursuant to 28 U.S.C. § 2241. He alleges he is being unconstitutionally detained at Monroe County Jail as the Immigration Judge ("IJ") utilized the wrong standard when concluding that Ba is a flight risk. More specifically, he contends that, when the IJ concluded that Ba "failed to show that he is not a flight risk (No. 26-10838, ECF No. 1-1, PageID.10), the IJ impermissibly shifted the government's burden to establish by clear and convincing evidence that Ba was a flight risk to Ba, in violation of Ba's Fifth Amendment due process rights. (*Id.*, ECF No. 1.) The government filed a response, and Ba

filed a reply. (ECF Nos. 5, 6.) In addition, the Court held a hearing on the second petition on April 22, 2026.

For the reasons below, this Court finds that: (1) it is the government's burden to establish by clear and convincing evidence that Ba is a risk of flight or danger to the community; and (2) the IJ violated Ba's Fifth Amendment due process rights when continuing Ba's detention on March 12, 2026 because Ba failed to show that he was not a flight risk. Therefore, the Court **ORDERS** that Ba be: (1) given a second individualized bond hearing under 8 U.S.C. § 1226(a), before a different Immigration Judge, **on or before April 29, 2026**, at which the government shall have the burden of establishing, by clear and convincing evidence, that Ba is a danger to the community or a flight risk; or (2) if no such hearing is conducted on or before April 29, 2026, immediately release Ba on bond. Accordingly, Ba's petition (ECF No. 1) is **GRANTED**.

## II.  BACKGROUND

Ba is a citizen of Senegal who arrived in the United States on November 5, 2023. (*See* No. 25-14093, ECF No. 1, PageID.9.) He alleges

that he has no criminal record in the United States or elsewhere, and he poses no danger to the community or flight risk. (*Id.*)

On July 8, 2025, United States Immigration and Customs Enforcement ("ICE"), in coordination with the United States Department of Justice, announced a new governmental policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (*Id.*, PageID.7.) This policy "claims that all persons who entered the United States without inspection are subject to mandatory detention without bond under § 1225(b)(2)(A). The policy applies regardless of when a person is apprehended." (*Id.*)

On October 1, 2025, Ba was arrested by immigration officers. (*Id.*, PageID.9.) He is presently in Monroe County Jail. (*Id.*) Ba is charged with having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*)

On December 18, 2025, Ba filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, alleging violations of the INA and the Fifth Amendment Due Process Clause, among other alleged violations of federal law. (*Id.*, ECF No. 1.) Ba asserted that, having been charged with

entering the United States without inspection and pursuant to 8 U.S.C. § 1226(a), he is entitled to a bond determination. (*Id.*, PageID.11.)

Ba also applied for asylum pursuant to a Form I-589 application. (*Id.*, ECF No. 5, PageID.45 (citing ECF No. 5-3).). On February 3, 2026, an immigration judge issued an order that: (1) granted the government's motion to pretermit the Form I-589 application (for asylum); (2) pretermitted and denied the Form I-589 application; (3) ordered Ba removed to Uganda; and (4) vacated a hearing set for February 12, 2026. (*Id.*, ECF No. 5-3, PageID.73.) On March 10, 2026, Ba appealed the IJ's denial of his Form I-589 application to the Board of Immigration Appeals. (No. 26-10838, ECF No. 5, PageID.102; ECF No. 5-4.)

On March 5, 2026, the Court ordered that respondents "immediately release Ba, or in the alternative, provide him with an individualized bond hearing under 8 U.S.C. § 1226(a) before an Immigration Judge, on or before March 12, 2026." (No. 25-14093, ECF No. 7, PageID.136.) On March 12, 2026, an IJ held a bond hearing for Ba and denied Ba's request for release on bond because Ba failed to establish that he does not present a flight risk. (*See* No. 26-10838, ECF No. 1-1, PageID.10; No. 25-14093, ECF No. 8, PageID.138.) Ba immediately filed

4

the second habeas petition presently before the Court. (No. 26-10838, ECF No. 1.)

## III.   LEGAL STANDARD

"Habeas relief is available when a person is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 776 (E.D. Mich. 2025) (quoting 28 U.S.C. § 2241(c)(3)); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). According to the Supreme Court, such relief is available to non-citizens such as Ba when challenging immigration matters. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *AARP v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.   ANALYSIS

### A.   Proper Respondent

Ba filed his second petition against ICE Detroit Field Office Director Kevin Raycraft ("Raycraft"), Secretary of the United States Department of Homeland Security Kristi Noem ("Noem"), and the United States Department of Homeland Security ("DHS"). As the Court held in addressing Ba's first habeas petition (*see* No. 25-14093, ECF No. 7,

5

PageID.120), Raycraft is the only properly named respondent in this action. The Court therefore **DISMISSES** all other respondents.

### B.    Jurisdiction and Exhaustion

Respondents argue that the Court should deny Ba's second petition for lack of jurisdiction and Ba's failure to exhaust his administrative remedies. The Court has reviewed respondents' arguments and notes that they are the same arguments that the government has made in similar cases. *See, e.g., Soto-Medina v. Lynch*, No. 1:25-cv-01704 (W.D. Mich.), ECF No. 5; *Kiizbaev v. Lynch*, No. 1:26-cv-00362 (W.D. Mich.), ECF No. 7. In *Soto-Medina*, the district court thoroughly addressed the arguments regarding jurisdiction and administrative exhaustion the government set forth in its response to Ba's instant petition (No. 26-10838, ECF No. 5, PageID.107–111). *See Soto-Medina v. Lynch*, — F. Supp. 3d —, 2026 WL 161002, at **2–4 (W.D. Mich. Jan. 21, 2026). For the same reasons set forth in *Soto-Medina*, the Court concludes that 8 U.S.C. § 1226(e) does not deprive the Court of jurisdiction and that administrative exhaustion does not operate to bar Ba's claims; specifically, the Court declines to enforce the doctrine of prudential exhaustion against Ba in any manner, including the "minimal" manner

proposed by respondents in this case. (*See* ECF No. 5, PageID.109–111.)

### C.   Bond Hearing

As the Court concluded in its March 5, 2026 Order (No. 25-14093, ECF No. 7), Ba was entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). It is undisputed that the government gave Ba an individualized bond hearing on March 12, 2026, which the government acknowledges was conducted pursuant to 8 U.S.C. § 1226(a). (*See generally* No. 26-10838, ECF No. 5; *id.* at PageID.100, 102, 103.) Neither party has submitted to the Court a recording or transcript of the bond hearing, but it is undisputed that the IJ imposed upon Ba the burden to show that he was not a flight risk.

The Sixth Circuit has not reached the issue of which party bears the burden, and what the burden is, with respect to whether a detainee in the immigration court should be detained or granted bond. The Court notes that the parties in *Soto-Medina* are in the process of briefing the issue now, with the appellant brief due May 18, 2026 and the appellee brief due June 16, 2026.  For the following reasons, the Court finds that the March 12, 2026 hearing before the IJ did not afford Ba the constitutionally required due process to which Ba was entitled, i.e, it is

the government's burden to prove, by clear and convincing evidence, that Ba is a flight risk or a danger to the community before denying him bond.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). "No one disputes that the Fifth Amendment entitles noncitizens to due process of law." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (citing *Reno*, 507 U.S. at 306). It is undisputed that "[s]ection 1226(a) is silent as to what burden of proof applies in bond hearings and who bears that burden." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021) (citing 8 U.S.C. § 1226(a)). (*See also* No. 26-10838, ECF No. 5, PageID.103, 109.)

### A.    Burden of Proof

The government argues that Ba received the benefit of all procedures allotted under statute, regulations, and the Executive Office for Immigration Review ("EOIR") Practice Manual, and that Ba should have appealed the IJ's March 12, 2026 decision to the Board of Immigration Appeals ("BIA"). (No. 26-10838, PageID.112–114 (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8); EOIR Manual, Part II § 8.3).) Most acutely, the government asserts that Ba had the burden to demonstrate

8

that he was not a flight risk or danger to persons or property. *(Id.*; 8 C.F.R. § 1003.19(h)(3).) The government also relies on *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018), to argue that § 1226(a) does not indicate in any way that it is the government's burden to "prove by clear and convincing evidence that the alien's continue detention is necessary."

The Court is not persuaded by the government's arguments. As discussed at length in *Soto-Medina,* the regulations address a custody decision by officers upon arrest, not at a bond hearing. Further, *Jennings* "left open the question of whether the Due Process Clause" requires that the government has a clear and convincing burden at bond hearings. *Soto-Medina,* 2026 WL 161002, at *5 (citations and internal quotations omitted). The Court recognizes that the circuit courts are split as to which party bears the burden of proof in § 1226(a) proceedings.

The First and Second Circuits have held that the government has the burden of proof regarding continued immigration detention. *See Hernandez-Lara,* 10 F.4th at 41 (government has the burden of proving dangerousness by clear and convincing evidence or risk of flight by a preponderance of evidence); *Velasco Lopez,* 978 F.3d at 855–857 (government has the burden of proving dangerousness and risk of flight

9

by clear and convincing evidence).

The Third and Fourth Circuits have held that a detainee bears the burden of proof regarding danger to the community and flight risk before the immigration court. *See Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (a § 1226(a) detainee must show absence of danger to the community or a flight risk by a preponderance of the evidence); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277, 279 (3d Cir. 2018) (after being detained for fourteen months, Fifth Amendment due process does not entitle a detainee to a second bond hearing at which the government bears the burden of justifying continued detention).

"These decisions, at bottom, reason that aliens are not entitled to the due process rights articulated in *Addington* [*v. Texas*, 441 U.S. 418 (1979)]. *See Miranda*, 34 F.4th 338, 359 ('The requirements of *Addington*, which apply to the detention of citizens, do not apply in the context of immigration removal proceedings.')." *Soto-Medina*, 2026 WL 161002, at n.2. Although the *Miranda* court reached its result on facts comparable to those in this case, *Borbot* is significantly different than this case. The *Borbot* court was faced with a request for a second bond hearing after the petitioner: (1) relied on his detention for 14 months as the sole basis for

10

his request for a redetermination hearing; (2) did not challenge the adequacy of his initial bond hearing; and (3) did not identify a basis in the record to demonstrate that his case was unreasonably prolonged by the government. *Borbot*, 906 F.3d at 276–277

The Ninth Circuit has held that the government has a clear and convincing burden to satisfy continued detention of detainees under § 1226. *See Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) (concluding in an analogous dispute implicating § 1226 that "due process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake ... are both particularly important and more substantial than mere loss of money" and requiring the government to justify prolonged detention by clear and convincing evidence); *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (citing *Singh* and noting that the "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [petitioner] is a danger to the community"). However, the Ninth Circuit has declined to apply that burden for a second bond hearing under § 1226(a). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022) (the "Due Process Clause [does not] entitle [petitioner] to a second bond hearing at which the

11

government bears the burden of proof by clear and convincing evidence").

District courts in the Seventh and Tenth Circuits have held that the Fifth Amendment due process clause requires that the government bears the burden of proof at bond hearings. *See, e.g., Molina Ochoa v. Noem*, No. 1:25-cv-00881-JB-LF, 2025 WL 3125846, at *13 (D.N.M. Nov. 7, 2025) (holding that the government must "bear the burden at a § 1226(a) bond hearing of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community"); *Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *8 (N.D. Ill. Oct. 16, 2025) (same).

Like the *Soto-Medina* court, the Court find that the Fifth Amendment Due Process Clause mandates that the government has the burden of proof in bond hearings in immigration court and that the burden requires proof by clear and convincing evidence.

First, as stated in *Soto-Medina*,

> [T]he Supreme Court has repeatedly reaffirmed that "due process places a heightened burden of proof on the State in civil proceedings in which the 'individual interests at stake ... are both particularly important and more substantial than mere loss of money.'" *Cooper v. Oklahoma*, 517 U.S. 348, 363, 116 S. Ct. 1373, 134 L.Ed.2d 498 (1996) (alterations in original; emphasis added) (quoting *Santosky v. Kramer*, 455 U.S. 745, 756, 102 S. Ct. 1388, 71 L.Ed.2d 599 (1982)); *see also Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S. Ct. 1780, 118 L.Ed.2d 437 (1992) (requiring clear and convincing evidence

to justify civil commitment because "[f]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause"). "The individual should not be asked to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the state." *Addington*, 441 U.S. at 427, 99 S. Ct. 1804. The Supreme Court, therefore, upheld the application of the "clear and convincing" standard for civil commitment proceedings because "the individual's interest in the outcome of a civil commitment proceeding is of such weight and gravity that due process requires the state to justify confinement by proof more substantial than a mere preponderance of the evidence." *Id.* (emphasis added); see also *United States v. Salerno*, 481 U.S. 739, 751, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987) (holding that pretrial detention will be permitted under the Due Process Clause "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community").

*Soto-Medina*, 2026 WL 161002, at *6.

The Court finds that Supreme Court precedent regarding due process imposes upon the government the burden of proof, and the government has not submitted any persuasive authority why this Court should find otherwise. Although speaking in a case involving a citizen, the Supreme Court held that "civil commitment for *any* purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington*, 441 U.S. at 427 (emphasis added). *See also Zadvydas*, 533 U.S. at 693 (the "Due Process Clause applies to all

13

'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) (even detention pending deportation must comport with due process); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("The Fifth Amendment, as well as the Fourteenth Amendment, protects every one of [the millions of aliens within the jurisdiction of the United States] from deprivation of life, liberty, or property without due process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection."). Like the *Soto-Medina*, *Hernandez-Lara*, and *Velasco Lopez* courts, the Court finds that such precedent requires that the government bears the burden of proof in § 1226(a) proceedings.

The Court also finds that the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), which "[t]he Sixth Circuit has also applied . . . to determine the adequacy of process in the context of civil immigration confinement," favor Ba. *See LopezCampos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) Under the *Mathews* test, this Court must consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest

14

through the procedures used, and probable value, if any, of additional procedural safeguards;" and (3) "the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

As to the first factor, Ba's liberty is at stake, which is significant as freedom from detention is one of the "most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). *See also Soto-Medina*, 2026 WL 161002, at **7–8. Regarding the second factor,

> The Court recognizes that the Government has an interest in "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community."5 *Zadvydas*, 533 U.S. at 690, 121 S. Ct. 2491 (internal quotation marks and alteration omitted). However, as the Supreme Court explained in response to a similar argument in *Zadvydas*, "the choice ... is not between imprisonment and the alien 'living at large' " in this country but "between imprisonment and supervision under release conditions that may not be violated." 533 U.S. at 696, 121 S. Ct. 2491. At the same time, those facing removal have no right to counsel "and very often cannot obtain counsel on their own, particularly if they are detained." *Hernandez-Lara*, 10 F.4th at 30. Moreover, "detained individuals will likely experience difficulty in gathering evidence on their own behalf" and often face language barriers. *Id.; see Moncrieffe v. Holder*, 569 U.S. 184, 201, 133 S. Ct. 1678, 185 L.Ed.2d 727 (2013) (recognizing that detained aliens "have little ability to collect evidence"). Lastly, it is no secret that proving a negative as to danger and risk of flight can be difficult if not impossible in some cases. *See Hernandez-Lara*, 10 F.4th at 31 ("[P]roving a negative (especially a lack of danger) can often be more difficult than

15

> proving a cause for concern."); *Elkins v. United States*, 364 U.S. 206, 218, 80 S. Ct. 1437, 4 L.Ed.2d 1669 (1960) (noting that "as a practical matter it is never easy to prove a negative"). "For all of these reasons, a detainee often starts out behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara*, 10 F.4th at 31.

*Soto-Medina*, 2026 WL 161002, at *8.

The Court finds that the third factor is more balanced but the Court still concludes that the government has not shown that they have a significant interest in Ba's detention. The government has a legitimate interest in ensuring that noncitizens do not abscond or commit crimes, *see, e.g., Velasco Lopez*, 978 F.3d at 854; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017), and it is undisputed that Ba is subject to an order of removal. However, at this point, the government has not proffered how or why Ba is a risk of danger or flight. "[S]hifting the burden of proof to the Government to justify continued detention [of Ba] promotes the Government's interest—one we believe to be paramount—in minimizing the enormous impact of incarceration where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854–855. Further, "given the risk that the current procedures lead to many instances of needless detention, entailing substantial social and financial costs, the public interest in

16

placing the burden of proof on the detainee is uncertain at best, and may well be negative." *Hernandez-Lara,* 10 F.4th at 33.

## B.     Clear and Convincing Evidence Burden

The Court notes that, aside from suggesting the burden of proof should be on the detainee, the government does not address the burden of proof. Both the First and Second Circuits determined that the government must establish a risk of danger by clear and convincing evidence; however, they reached different conclusions with respect to risk of flight. The First Circuit imposed a by-a-preponderance standard, whereas the Second Circuit held requires a clearing and convincing standard. *See Hernandez-Lara,* 10 F.4th at 41; *Velasco Lopez,* 978 F.3d at 856–857, respectively.

The Court is persuaded that the Second Circuit's determination is more appropriate. As it stated:

> The Government's claim that these [due process] precedents are inapplicable in an immigration context is unpersuasive. As one [Supreme Court] Justice has noted: "[n]owhere did we suggest that the 'constitutionally protected liberty interest' in avoiding physical confinement, even for aliens already ordered removed, was conceptually different from the liberty interest of citizens[.]" *Demore,* 538 U.S. at 553, 123 S. Ct. 1708 (Souter, J., concurring in part and dissenting in part). Merely invoking the fact that a case is raised in the immigration context does nothing to address

17

much less to abrogate due process principles.

> **We believe that it is improper to allocate the risk of error evenly between the individual and the Government when the potential injury is as significant as the individual's liberty. Accordingly, we conclude that a clear and convincing evidence standard of proof provides the appropriate level of procedural protection**. *See Singh*, 638 F.3d at 1203–04 (quoting *Addington*, 441 U.S. at 427, 99 S. Ct. 1804). We therefore conclude that the district court's order requiring the Government to prove that [petitioner] is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention "strikes a fair balance between the rights of the individual and the legitimate concerns of the state." *Addington*, 441 U.S. at 431, 99 S. Ct. 1804.

*Velasco Lopez*, 978 F.3d at 856–857 (cleaned up) (emphasis added).

Further, although the Court agrees with the entirety of the *Soto-Medina* court's analysis declining the First Circuit's application of a by-a-preponderance standard, the Court is particularly moved by the Supreme Court's statement in *Addington* that "the individual's interest in the outcome of a civil commitment proceeding is of such weight and gravity that due process requires the state to justify confinement **by proof more substantial than a mere preponderance of the evidence**." See Addington, 441 U.S. at 427 (emphasis added).

## C.   Order of Removal

The Court notes that Ba, unlike Soto-Medina, is subject to an order

18

of removal.  The government argues that Ba should be detained because of that removal order. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.") The government contends that Ba has not articulated any reason to believe that the immigration judge's order of removal is likely to be overturned on appeal and governing law indicates that Ba is unlikely to succeed on appeal. (No. 26-10838, ECF No. 5, PageID.121–122 (citing 8 U.S.C. § 1158(a)(2)(A); *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026); Matter of C-I-G-M-, 29 I. & N. Dec. at 292).) For that reason, the government contends that there should be a presumption of detention.

However, the government concedes that, due to Ba's pending appeal of his order of removal to the BIA, there is no final order of removal that would require detention. (*See* ECF No. 5, PageID.102 ("On March 10, 2026, Ba appealed the immigration judge's denial of his application for asylum to the Board of Immigration Appeals. (Exhibit 3 – BIA Not. of App.). Because Ba appealed the immigration judge's order, it is not administratively final, and he remains detained under the same authority governing his pre-order of removal detention. See 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1003.39.").) *See also Kiizbaev v. Lynch*, No.

19

1:26-CV-362, 2026 WL 681753, at *2 (W.D. Mich. Mar. 11, 2026). Therefore, Ba is entitled to a bond hearing pursuant to § 1226(a), with the government having the burden to establish by clear and convincing evidence that Ba is a danger to the community or a risk of flight. *Kiizbaev*, 2026 WL 681753, at *3.

### D. Conclusion

For the reasons stated above, the Court holds that Ba's continued detention following the March 12, 2026 bond hearing violates his right to due process under the Fifth Amendment. Due process requires that Ba be released unless the government demonstrates, by clear and convincing evidence that Ba is a flight risk or danger to the community. As the IJ did not make a finding that the government demonstrated Ba's risk of flight by a clear and convincing evidence, the Court **GRANTS** Ba's second habeas petition.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Ba's second petition for writ of habeas corpus (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents Noem and DHS are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the government shall: (1) **on or before April 29, 2026**, provide Ba with an individualized bond hearing under 8 U.S.C. § 1226(a) before a different Immigration Judge than the one who presided over Ba's March 12, 2026 bond hearing; at the new hearing, the government shall bear the burden of proof by clear and convincing evidence justifying Ba's continued detention; or (2) immediately release Ba if he is not provided such an individualized bond hearing on or before April 29, 2026.

**IT IS FURTHER ORDERED** that the government shall file a status report with this Court **within 48 hours of Ba's bond hearing or release, but not later than 3:00 p.m. on May 1, 2026**, certifying compliance with this order.[1] The status report shall inform the Court whether and when Ba was released from detention or provided with a bond hearing under 8 U.S.C. § 1226(a). If the bond hearing under 8 U.S.C. § 1226(a) does occur, the status report shall include when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

---

[1] On April 28, 2026, Immigration Judge Ian Simons presided over a bond hearing for petitioner. (*See* ECF No. 8, PageID.219.) After the hearing, as detailed in the government's status report, the immigration judge concluded that the Department of Homeland Security met its burden to establish by clear and convincing evidence that Ba presents a flight risk and denied petitioner's request for release on bond. (*See* ECF No. 8-1, PageID.221–222.)

**IT IS FURTHER ORDERED** that the government shall produce a transcript of such individualized bond hearing no later than two weeks after the bond hearing is conducted, unless Ba is immediately released without such individualized bond hearing or is released pursuant to the individualized bond hearing.

**SO ORDERED.**

Date: May 4, 2026                           **s/Jonathan J.C. Grey**
                                            Jonathan J.C. Grey
                                            United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager

23